■ NUVIA A. LAWES, an Infant, by Her Guardian ad Litem, LEON LAWES, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, et al., Defendant.— In a negligence action by an infant and her father to recover damages for personal injury, loss of services, etc., the defendant Board of Education of the City of New York appeals from so much of a judgment of the Supreme Court, Kings County, entered February 4, 1964 after trial upon the jury's verdict, as directed recovery by the plaintiffs against said defendant. Judgment, insofar as appealed from, affirmed, with costs. No opinion. Beldock, P. J., Ughetta and Hill, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the judgment, insofar as appealed from; to sever the action as against the defendant Board of Education; and to grant a new trial, with the following memorandum by Brennan, J., in which Hopkins, J., concurs: On February 17, 1960, in the school yard of P. S. 144 in Brooklyn, the infant plaintiff (hereafter called the " plaintiff "), then 11 years of age, was struck in the right eye by a snowball, as she was returning to school after the noon luncheon recess. The evidence discloses: (1) that just two days prior to the accident children had thrown snowballs in the school yard although they had been instructed not to do so by one of the teachers; (2) that while teachers or monitors were assigned to supervise student activities in the school yard, the rules also provided that during inclement weather, when students are required to assemble in the school basement, their supervision was directed to the students thus assembled in the basement instead of in the yard; and (3) that this rule was promulgated and enforced by the teachers on the day in question. In fact, the court charged the jury that " the defendant has the absolute

right to direct children to report after the luncheon recess in the basement of the building when the weather is inclement." A question of importance, so it seems to me, is whether the board had notice of any prior injury as the result of the students' snowballing activity. A classmate testified that she was struck in the eye by a snowball one day prior to the injury to the plaintiff, and that this episode was reported to the class teacher. However, the written record, kept in the usual course of the business of the school, revealed that this student was struck by a snowball several days after the plaintiff sustained her injuries and that there was no record of any injury prior to the date of the injury to the plaintiff. Although this record was offered in evidence, the court refused to receive it. I am of the view that such refusal constituted substantial error. I am also of the view that, under the circumstances, the learned trial court committed error in charging the jury that it was the duty of the defendant to maintain the school grounds in a reasonably safe condition, and in further charging the jury as follows: (1) "It was the duty of the defendant not to permit a dangerous condition to exist, if it had knowledge of such condition, or if the condition had existed for such a length of time that, in the exercise of due diligence, it should have discovered such condition. It will be for you to say whether the snow and ice in the school yard created a dangerous and unsafe condition. Even though you find that this may have been an unsafe condition existing before this accident, you cannot find the defendant liable for it, unless you also find that it had notice of the condition. (2) "When you get to your Jury Room, you will pose these questions: 'What were the facts and circumstances that existed in the school grounds of Public School 144 on February 17, 1960, at about 1 p.m.? Was there snow and ice present on the school grounds? Was this condition unsafe and dangerous? Did the defendant have knowledge of this condition?' If your answer is in the negative to any of these questions, you will stop your deliberations and bring in a verdict for the defendant. If your answer is in the affirmative, you will proceed to inquire: 'Did the defendant have adequate time to correct the condition?' If your answer is, 'No,' you will again bring in a verdict for the defendant. However, if your answer is in the affirmative, you will then proceed to consider whether the defendant failed to provide reasonable, and necessary, and general supervision over the children, and whether they failed to provide adequate and necessary supervision." Said charge was reiterated in the following language: (3) "Before you can find a verdict for this plaintiff, you must determine that a dangerous condition of snow and ice existed on February 17, 1960, in the school yard of Public School 144. Then, you must find that the defendant was negligent in failing to remove the snow and ice after actual or constructive notice. The plaintiff must also establish that the defendant failed to provide adequate, necessary and general supervision under the circumstances that you find existed on this day, and that such failure was the proximate cause of the injury she sustained." It is my opinion that the above three portions of the charge constituted substantial error, since it is obvious that the board's alleged failure to remove snow and ice from the school yard was not the proximate cause of the injury to the plaintiff. No exception was taken to the charge, but where, as here, the issue of liability is a close one and there is other error with respect to the exclusion of the documentary evidence of the injury to the other child, a new trial should be granted in the interests of justice (*Martinez* v. *Adelphi Hosp.*, 21 A D 2d 675).